## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

JOSE ROSAS,

    *Plaintiff*,

*v.*

MICHIGAN DEPARTMENT
OF HEALTH & HUMAN
SERVICES, et al.,

    *Defendants*.

_____/

Case No. 1:24-cv-11400

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION TO STAY BUT ALSO CONSTRUING PART OF THE MOTION AS A MOTION TO EXTEND DEADLINE TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART THAT PORTION OF THE MOTION (ECF Nos. 12) AND DENYING PLAINTIFF'S MOTION TO STAY (ECF No. 14)

## I.    Background

Jose Rosas originally filed this action in a Michigan state court.  (ECF No. 1-1, PageID.8, 10).  He alleges that a social worker, Maelyn Morang, unlawfully directed the mother of one Rosas's children to remove the child from his home.  (*Id.* at PageID.10–13).  When Morang later petitioned a Michigan court to order that the child be removed from Rosas's home, Rosas alleges that she made various misrepresentations to the court.  (*Id.* at PageID.20–28).  Rosas also accuses Morang of neglecting to investigate his report that the two mothers of his children, both of whom lived in his household, had battered him.  (*Id.* at PageID.19–20).

1

Rosas alleges violations of state and federal law. (*Id.* at PageID,10–28). Among other claims, he alleges that Morang committed "fraud" before the state court and violated his Fourth Amendment to be free of unreasonable seizures. (*Id.* at PageID.13–19, 22). Although Rosas directs most of his allegations at Morang, his complaint names several other government employees and entities as defendants. (*Id.* at PageID.10). Rosas asks the Court to "deny" Morang's "petition," "dismiss" that "action with prejudice," and order "any further relief" it "deems just and proper . . . ." (*Id.* at PageID.34).

After receiving the complaint and summons, four of the defendants (Lori Budnick, Child Protective Services, the Michigan Department of Health and Human Services, and Maelyn Morang) removed the case to this Court and moved to dismiss Rosas's claims against them.[1] (ECF Nos. 1, 5).

In response to the Defendants' motion to dismiss, Rosas filed two separate motions to stay the proceedings. (ECF Nos. 12, 14). In the first motion, he asks the Court to stay this matter for sixty days so that he may procure counsel, "familiarize himself with the Federal Rules of Civil Procedure," prepare an amended complaint, and draft a response to the Defendants' motion to dismiss. (ECF No. 12, PageID.163–66). He also notes that he is litigating at least two other cases in state

---

[1] To date, the other five Defendants have not been served. (*See* ECF No. 15, PageID.182–85).

2

court and is "overextended." (*Id.* at PageID.166). In the alternative, Rosas asks the Court for an "extension of time" to file a response brief or amend his complaint. (*Id.* at PageID.167). Rosas also requests leave to amend his complaint, but he does not attach a copy of his proposed pleadings. (*Id.*)

In his second motion, Rosas asks the Court to stay this case pending a state Court proceeding to determine his custodial rights. (ECF No. 14). He explains that although the Defendants' have attached a purported copy of Rosas's operative custody order to their motion to dismiss, this order is now outdated because he has obtained a more recent custody order in another state and has submitted that order to be "register[ed]" by a Michigan court. (*Id.* at PageID.180). To avoid "[c]onflicting" findings, Rosas asks that the Court stay this matter until his state court action is resolved. (*Id.*)

## II.    Analysis

### A.    Motion to Amend

To the extent Rosas moves for leave to amend his complaint, his motion will be denied. Under Local Rule 15.1, a plaintiff "shall attach the proposed amended" complaint "to the motion," and the proposed pleading must "reproduce the entire pleading as amended" without "incorporat[ing] any prior" allegations "by reference." E.D. Mich. LR 15.1 (emphasis added). A party's failure to follow this rule "is not grounds" to disallow the amendment. *Id.*

3

Accordingly, Rosas's motion to amend his complaint is denied without prejudice—meaning that he may ask the Court again to allow his proposed amendment.  If Rosas renews his motion, he must comply with Rule 15.1 and attach a proposed complaint that contains all of his allegations, realleging any facts from his original complaint he does not wish to amend.  This proposed complaint will supersede and nullify all of Rosas's original complaint if accepted.  *See B&H Medical, LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008).

## B.    Motion to Stay

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  Even so, the Court must "tread carefully in granting a stay of proceedings," as the nonmoving "party has a right to a determination of its rights and liabilities without undue delay."  *Ohio Envtl. Council v. United States Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).  So in considering whether to grant a motion to stay proceedings, courts not only consider the interests of the moving party and the Court's own interests in judicial economy, but also the prejudice to the nonmoving party.  *AES-Apex Emp'r Servs., Inc. v. Rotondo*, No. 13-CV-14519, 2015 WL 12990376, at *1 (E.D. Mich. July 24, 2015); *see also Ohio Envt'l Council*, 565 F.2d at 396.

4

Beginning with Rosas's most recent motion to stay (ECF No. 14), the Court declines to stay this matter pending Rosas's custody proceedings. Rosas argues that the Court should stay this matter until the state court decides his custodial rights so that this Court's findings regarding Rosas's custodial rights do not conflict with the state court's findings. (*Id.* at PageID.178–80). But Rosas's custodial right are not at issue in this case.

Rosas alleges that Morang and her codefendants committed various constitutional violations and state torts. These claims do not turn on Rosas's custodial rights; rather, they concern Morang's conduct during her investigation and while petitioning for the removal order. It is difficult to see why the court would need to examine Rosas's custodial rights to evaluate these claims, and Rosas does not explain how his custodial rights are relevant to his claims in this matter. *Cf. Alexander v. Rosen*, 804 F.3d 1203, 1207 (6th Cir. 2015). Indeed, it is even less clear why the Court would need to determine Rosas's custodial rights as they exist today rather than at the time of Morang's investigation. Because Rosas fails to explain how his claims would entangle the Court in his ongoing custody proceedings, the Court will not stay this matter pending his state court case.

Nor will the Court grant Rosas's first motion to stay. The Court understands that Rosas is an unrepresented layman with limited knowledge of the law, but Rosas has no right to counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th

5

Cir. 2003). And even unrepresented litigants are expected to understand and comply with the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

More to the point, Rosas could have taken additional time to prepare his case before filing his pleadings. Indeed, both his state tort claims and his federal claims under 42 U.S.C. § 1983 are subject to a three-year statute of limitations. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020). Rosas chose to file his complaint just over a year after Morang's investigation. (*Compare* ECF No. 1-1, PageID.12, 25, *with id.* at PageID.34). Now that Rosas has hailed several of the defendants into Court, they have a strong interest in obtaining a prompt determination of their liability. *Ohio Envtl. Council*, 565 F.2d at 396. The Court will not pause this case to allow for preparations that should have been completed before Rosas filed his complaint.

Even so, the Court recognizes the difficulty inherent in litigating a case without representation, and it notes that the Defendants consent to extending Rosas's deadline to file a response brief until August 1. (ECF No. 13, PageID.175). For those reasons, the Court **will allow Rosas until August 1, 2024, to respond to the Defendants' motion to dismiss**.

Accordingly, **IT IS ORDERED** that Rosas's motion to stay (ECF No. 14) is **DENIED** and that Rosas's motion to stay (ECF No. 12) is **GRANTED IN PART**.

Only in that Rosas's deadline to respond to the Defendants' motion to dismiss (ECF No. 5) is **EXTENDED** until **August 1, 2024**.

Date: July 16, 2024                              S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge