## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

JOSE ROSAS,

     *Plaintiff*,

v.

MICHIGAN DEPARTMENT
OF HEALTH & HUMAN
SERVICES, et al.,

     *Defendants*.

_____/

Case No. 1:24-cv-11400

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY THE UNITED STATES MARSHALS SERVICE (ECF No. 18)[1]

Jose Rosas, proceeding *pro se*, originally filed this action in a Michigan state court. (ECF No. 1-1, PageID.8, 10). He alleges that a social worker, defendant Maelyn Morang, unlawfully directed the mother of one Rosas' children to remove the child from his home. (*Id.* at PageID.10–13). When Morang later petitioned a Michigan court to order that the child be removed from Rosas' home, Rosas alleges that she made various misrepresentations to the court. (*Id.* at PageID.20–28). Rosas also accuses Morang of neglecting to investigate his report that the two mothers of his children, both of whom lived in his household, had battered him. (*Id.* at PageID.19–20).

---

[1] The Court construes the request for service as a motion.

Rosas alleges violations of state and federal law. (*Id.* at PageID,10–28). Among other claims, he alleges that Morang committed "fraud" before the state court and violated his Fourth Amendment right to be free of unreasonable seizures. (*Id.* at PageID.13–19, 22). Although Rosas directs most of his allegations at Morang, his complaint names several other government employees and entities as defendants. (*Id.* at PageID.10). Rosas asks the Court to "deny" Morang's "petition," "dismiss" that "action with prejudice," and order "any further relief" it "deems just and proper. . . ." (*Id.* at PageID.34).

Rosas has been unable to perfect service on defendant Jena Miranda, and now requests that the Court order the United States Marshals Service ("USMS") to effectuate service. (ECF No. 18). Rosas says that Miranda refused service by certified mail and that he cannot afford to serve Miranda in any other way. (*Id.* at PageID.195). The filing fee in this case was paid by defendants at the time of removal, and Rosas' application to proceed without prepaying fees and costs was denied because the filing fee had already been paid.

In a case such as this one where the plaintiff is not proceeding *in forma pauperis* ("IFP"), "[t]he Court is not required to order the United States Marshals Service to serve the defendants." *Syswerda v. Mnuchin*, No. 1:20-cv-471, 2020 WL 12746030, at *1 (W.D. Mich. June 5, 2020). "In exercising its discretionary authority under Fed. R. Civ. P. 4(c)(3), the Court should consider whether there is a

sufficient reason to burden [USMS] with serving summons for plaintiff." *Id.*  As

one district court has explained:

> The Advisory Committee Notes for Rule 4 state that this authority is
> discretionary and should be exercised in favor of appointment when "a
> law enforcement presence appears necessary or advisable to keep the
> peace."  For example, a court's discretion might be exercised in favor
> of a Rule 4(c)(3) request "when a hostile defendant threatens injury to
> the process server."  4A Fed. Prac. & Proc. Civ. § 1090 & n.13 (4th ed.)
> (citing 128 Congressional Record H9848, 9851 n.19).  The Advisory
> Committee Notes also state that, before turning to Rule 4(c)(3), a
> "plaintiff is expected first to seek service by private means whenever
> feasible rather than impose the burden on the Marshal's Service" and
> that "court orders directing service by marshal should not be issued
> unless they really are necessary."  *See* 93 F.R.D. 255, 262; 96 F.R.D.
> 81, 127.  Thus, for example, a "plaintiff should first attempt service by
> the inexpensive mail method provided in" Rule 4(d).  4A Fed. Prac. &
> Proc. Civ. § 1090 n.3 (4th ed.).

*Hollywood v. Carrows Cal. Family Rests.*, No. CV 18-2098-JGB (GJS), 2018 WL

7461690 at *1 (C.D. Cal. April 26, 2018).

Although Rosas is not proceeding IFP, this is the result of defendants paying

the filing fee and is not a reflection on whether Rosas would typically qualify for

IFP status.  Based on his application to proceed without prepaying fees and costs

(ECF No. 7), it appears that Rosas would have qualified if he had filed his complaint

in this Court.  Under these circumstances, the Court will exercise its discretion and

**ORDER USMS TO SERVE DEFENDANT JENNA MIRANDA**.  Accordingly,

Rosas' motion for service by USMS is **GRANTED**.  A separate order directing

service will be entered.

3

Date: August 29, 2024                    S/PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge