UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JOSE ROSAS, | Case No. 1:24-cv-11400 |
| *Plaintiff*, | |
| v. | Thomas L. Ludington<br>United States District Judge |
| MICHIGAN DEPARTMENT<br>OF HEALTH & HUMAN<br>SERVICES, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants*. | |
| _____/ | |

**REPORT AND RECOMMENDATION
TO VACATE STATE COURT DECISIONS ENTERED AFTER REMOVAL
AND
TO REMAND CASE TO STATE COURT FOR FURTHER PROCEEDINGS
AND
TO DENY AS MOOT PLAINTIFF'S MOTION TO
COMPEL PROPER NOTICE OF REMOVAL (ECF No. 30)**

I.    **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that this case be **REMANDED** to Montmorency County Circuit Court for further proceedings. Further, **IT IS RECOMMENDED** that any Montmorency County Circuit Court decisions entered post-removal, but pre-remand be **VACATED.**

If adopted, Plaintiff Jose Rosas' motion to compel proper notice of removal (ECF No. 30) would be **DENIED AS MOOT**. The remaining motions, namely Lori Budnik, Child Protective Services, Michigan Department of Health & Human

1

Services, and Maelyn Morang's (hereinafter, "State Defendants") joint motion to dismiss (ECF No. 5) and Rosas' second motion for leave to file an amended complaint (ECF No. 19), should be considered by the state court following remand.

## II.   REPORT

### A.   INTRODUCTION

Plaintiff Jose Rosas, proceeding *pro se*, originally filed this action in Montmorency County Circuit Court. (ECF No. 1-1, PageID.8, 10). Rosas brought claims against various individuals and entities all of whom he alleges were involved in the removal of his child from his home and his eventual loss of custody. (*See id.*). State Defendants removed the case to this Court on the basis of federal-question jurisdiction. (ECF No. 1). Defendant Jena Miranda has now appeared through counsel and filed an answer (ECF No. 32); however, Montmorency County, Atlanta Public School, Krzystan, and Hissock have not yet taken any action.

Rosas recently filed a motion to compel proper notice of removal (ECF No. 30) to which State Defendants timely responded (ECF No. 33). Rosas did not file a reply. In reviewing Rosas' motion, State Defendants' response, and the state court docket for this case,[1] the Undersigned discovered that state court proceedings continued following removal. This was improper under federal law, even though State Defendants are aware of the ongoing proceedings, they appear to take no issue

---

[1] https://www.montmorencycourts.com/case-search (last visited Nov. 14, 2024).

with them, and did not inform this Court about them until directed to respond to the instant motion.

For the reasons explained below, the Undersigned **RECOMMENDS** that this case be **REMANDED** to Montmorency County Circuit Court and that Rosas' motion to compel proper notice of removal be **DENIED AS MOOT**. Further, any Montmorency County Circuit Court decisions entered post-removal, but pre-remand should be **VACATED.**

B.  **LEGAL STANDARD**

The removal of cases from state to federal courts is governed by federal statutes. Generally,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have original jurisdiction in civil cases between diverse parties "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a), and in civil cases "arising under the Constitution, laws, or treaties of the United States[,]" *id.* § 1331.

In a case involving multiple defendants, "all defendants who have been *properly joined and served* must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A) (emphasis added). After filing the notice of removal in the district

3

court, "the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the *State court shall proceed no further* unless and until the case is remanded." *Id.* § 1446(d) (emphasis added).

    C.    **ANALYSIS**

As will be further explained, Montmorency County Circuit Court did not abide by 28 U.S.C. § 1446(d). This appears to be a rare occurrence despite the frequency with which cases are removed to federal courts from state courts throughout the country.

State Defendants removed this case to federal court before the state court docket reflected that service had been effectuated on any other defendant. (ECF No. 33, PageID.301–02 (referencing ECF No. 33-1)). Since that time, appearances have been entered in the state court on behalf of all Defendants other than Miranda, namely Montmorency County, Atlanta Public Schools, and two individuals employed by Atlanta Public Schools (Betty Krzystan and Tawyn Hisscock). Rosas now moves to compel proper notice of removal, entry of an order to show cause, and for the imposition of sanctions. (ECF No. 30).

In his motion, Rosas argues that State Defendants did not follow proper removal procedure. Specifically, he asserts that State Defendants failed to notify their co-defendants that the case had been removed. (*Id.* at PageID.275–76).

In response, State Defendants explain that they removed the case before any other defendant had appeared in state court, and that they properly served the notice of removal on Montmorency County Circuit Court, which was later docketed. (ECF No. 33, PageID.301–03). State Defendants also summarize the state court proceedings post-removal as follows:

> Separately, in the state court proceeding[s], the Atlanta Public School Defendants moved for summary disposition, which was granted on September 9, 2024. Montmorency County also moved for summary disposition and a hearing is scheduled for October 14, 2024. Accordingly, the claims against the Local Defendants continue to be litigated and were (or will soon be) dismissed.

(ECF No. 33, PageID.302 (internal record citations omitted)).

Ultimately, neither Rosas nor State Defendants correctly identify the procedural issue in this case. Rosas' motion misplaces the blame for the continuation of state court proceedings on State Defendants' failure to notify the state court and co-defendants of removal. Meanwhile, State Defendants appear to have misunderstood the effect of removal to federal court on unserved co-defendants.

By all appearances, State Defendants abided by the removal procedures codified by 28 U.S.C. § 1446. State Defendants filed the notice of removal in this Court on May 24, 2024. (ECF No. 1). And as explained in their response,

> [a]t the time removal was filed, State Defendants were unaware of any other Defendants appearing. The docket for the state court case indicates counsel for Defendant Montmorency County appeared on

5

> May 20, 2024—though this appearance did not appear on the public docket until after May 24, 2024 when State Defendants filed their Notice of Removal.

(ECF No. 33, PageID.302 n.1 (internal record citation omitted)). The notice of removal was filed on the state court docket on May 28, 2024. However, the docket also reflects that the court clerk only "transferred" the case as to State Defendants. This was improper.

> When a case is removed,
>
> > [t]he entire case is transferred to federal court. That is, the removal of a case from state court to federal court effects a transfer of the entire action, including all the parties and all the claims, to the federal court. Upon the filing of a sufficient removal petition, the state court's jurisdiction immediately and totally ceases, and that of the federal court immediately attaches, and after such removal only the federal court can restore jurisdiction to the state court.
> >
> > Where the removal of a cause is effected on the application of one of several defendants, the other defendant or defendants are brought into the federal court. Even claims against a fraudulently joined defendant are removed.

77 C.J.S. *Removal of Cases* § 148 (2024) (internal footnotes omitted) (collecting cases). When faced with instances where state court proceedings have continued following removal,

> numerous [federal] courts have ruled that any post-removal proceedings in the state court are considered coram non judice and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court. Indeed, the federal court to which a case has been removed has the power to restrain further proceedings in the state court.

6

14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Jurisdiction* § 3736 (rev. 4th ed. 2024) (internal footnotes omitted) (collecting cases).

That said, "[a] state-court defendant also may lose or waive the right to remove a case to federal court through activity or inactivity." 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Jurisdiction* § 3721 (rev. 4th ed. 2024). Federal courts have reached different and often conflicting conclusions when grappling with the issue of what constitutes waiver as illustrated by the following summation:

> Waiver may occur, for example, if the defendant files an untimely or otherwise defective removal notice. Alternatively, waiver may be found if the defendant takes some substantial offensive or defensive action in the state-court action, indicating a willingness to litigate in the state tribunal, before filing a notice of removal with the federal court. Federal courts sometimes have found waivers by defendants who asserted a counterclaim or engaged in pretrial discovery in state court. They have refused to find a waiver, however, when the defendant's participation in the state action was not substantial or was dictated by the rules of that court or a state-court judge. Courts have also declined to find waiver when the defendant litigates in state court as a result of the plaintiff's obfuscation of the presence of a basis for removal. Unfortunately, a perusal of the decided cases shows that the line between what will constitute waiver of the right to remove and what will not is far from clear.

*Id.* (internal footnotes omitted) (collecting cases).

The most analogous case to this one appears to be *Direct Mortgage Corporation v. Keirtec, Inc.*, 478 F. Supp. 2d 1339 (D. Utah 2007). That case

involved claims against multiple defendants, including Landsafe. *Id.* at 1340. Landsafe timely removed the case to federal court on the basis of diversity jurisdiction. *Id.* However,

> after Landsafe filed this notice of removal, the other parties continued to take action in state court. Two defendants filed answers, two defendants filed motions to dismiss, and one attorney even withdrew from the case. In addition, the state court itself took action on this case, granting a motion to dismiss one of the defendants.

*Id.* After months passed without the filing of any documents, the district court entered a show cause order. *Id.* It was in a response to that order that the district court first "learn[ed] of the continuing action before the state court." *Id.* The district court noted that, "Landsafe, the removing party, neglected to inform the court that the parties and the state court judge were continuing to take substantive action in the state court venue. Without such notice, this court had no way of learning of these state court proceedings." *Id.*

After discovering that state proceedings had continued following removal, the district court *sua sponte* undertook the following waiver analysis:

> In *Akin v. Ashland Chemical Co.*, [156 F.3d 1030 (10th Cir. 1998),] the Tenth Circuit found the plaintiffs had consented to jurisdiction in an inverse, yet analogous, situation. In *Akin*, the plaintiffs had filed a toxic tort claim in state court, and the defendants properly removed the case to federal court. After the federal court upheld the validity of the removal, the plaintiffs voluntarily amended their complaint and asserted a cause of action in federal court. By amending their complaint, the Tenth Circuit found, the plaintiffs lost the right to contest removal. Instead, the plaintiffs had impliedly consented to federal jurisdiction. According to the Tenth Circuit, parties "cannot voluntarily

8

invoke, then disavow, federal jurisdiction." The Tenth Circuit cited the problems that arise when parties simultaneously try to reap benefits from both state and federal jurisdiction, rather than wholly committing to one:

> [O]nce [plaintiff] decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there. Otherwise he would be in a position where if he won his case on [the] merits in federal court he could claim to have raised the federal question in his amended complaint voluntarily, and if he lost he could claim to have raised it involuntarily and to be entitled to start over in state court. He "cannot be permitted to invoke the jurisdiction of the federal court, and then disclaim it when he loses."

While the posture of the case at hand varies from *Akin*, the underlying principles are the same. Landsafe, as the removing party, had the burden to establish this court's jurisdiction. But after Landsafe removed to this court, it continued to take advantage of the actions in state court. Landsafe, unlike this court, received notice when two defendants filed answers after the notice of removal had been filed in state court. Landsafe received notice when two defendants filed motions to dismiss. Landsafe received notice when the state court judge granted a motion to dismiss. But rather than questioning the state court's continuing jurisdiction or notifying this court that the state court action continued to proceed as if the case had never been removed, Landsafe stood silent. By doing so, Landsafe effectively consented to the state court's jurisdiction.

A finding to the contrary would allow Landsafe, just like the plaintiffs in *Akin*, to potentially reap simultaneous benefits from both state and federal court. By failing to advise this court that action was continuing at the state court level after the removal, Landsafe has essentially tried to "play both sides of the fence." Landsafe was able to sit by and observe the state court proceedings, gain insight into the plaintiff's and co-defendants' claims, and watch the other parties utilize their resources. Moreover, Landsafe stood silent while a state court expended time handling at least one motion. Thus, in this case, as in *Akin*, Landsafe cannot have it both ways. If the state court had made

9

> rulings unfavorable to Landsafe, Landsafe certainly would have objected. Landsafe cannot quietly and idly let the state court action proceed, while waiting to see if a ruling of the state court will affect it favorably.
>
> To hold otherwise would be to undermine principles underlying the removal doctrine. The procedural devices of removal and remand are designed to ensure only one court exercises jurisdiction over a case at any given time. This ultimately prevents inconsistent rulings and duplicitous work, and it preserves judicial and party resources. If this court were to exercise jurisdiction in this case, it might invalidate the substantive actions the state court judge took in this case after Landsafe filed a notice of removal, thereby requiring duplicitous work from the parties. The state court's dismissal of one defendant might have to be reconsidered. In short, to allow the case to proceed here would constitute a waste of judicial resources, undermine the finality of state court rulings, and possibly lead to inconsistent decisions.

*Id.* at 1340–42.

The Undersigned is persuaded by the district court's reasoning in this case. Here, State Defendants like Landsafe said nothing while the state court considered and ruled on their co-defendants' motions. If Rosas had not alerted the Court to something being amiss with the removal process, the Court may never have known about the substantial amount of litigation that had occurred in Montmorency County Circuit Court. While State Defendants may have properly removed this matter, they did nothing to ensure that the removal was properly effected in the state court. Instead, they appear to have said nothing in either court as parallel proceedings continued.

The Undersigned thus suggests that through their inaction, State Defendants have waived their right to remove this case to federal court. This result also respects the decisions of the other parties in this case. State court was where Rosas chose to file this action and where several defendants have engaged in motion practice without seeking removal to federal court.

A finding of waiver necessitates a remand of this case to Montmorency County Circuit Court and the denial as moot of Rosas' motion to compel proper notice of removal. The only remaining issue is the effect of the remand on the state court proceedings that occurred during the period where proceedings were taking place in both courts.

In *Direct Mortgage*, the district court sought "[t]o avoid invalidating the actions the parties and the state court took in the case after the removal," and thus "remand[ed] *nunc pro tunc*—retroactive to October 5, 2006, the date Landsafe filed its notice of removal." *Id.* at 1342. While there are benefits to this approach, it would prejudice Rosas who was understandably confused about which court had jurisdiction post-removal. Accordingly, the Undersigned instead recommends that when remanding the case, the Court also vacate the state court's decisions as coram non judice. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Jurisdiction* § 3736 (rev. 4th ed. 2024) ("[N]umerous [federal] courts have ruled that any post-removal proceedings in the state court are considered coram

11

non judice and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court.") (collecting cases); *see also Resolution Trust Corp. v. Bayside Devs.*, 817 F. Supp. 822, 825 (N.D. Cal. 1993) (vacating a state appellate court decision in a case that was removed to federal court post-appeal under "the special removal powers given by Congress to the [Resolution Trust Corporation]" while "recogniz[ing] that it [wa]s intruding into state law and procedure, but conclud[ing] that it [wa]s required to do so"), *aff'd* 43 F.3d 1230 (9th Cir. 1994, amended Jan. 20, 1995). Vacating the state court's decisions will ensure that Rosas can respond and be heard on any motions to dismiss or for summary disposition now that the procedural confusion has been resolved.

### D. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this case be **REMANDED** to Montmorency County Circuit Court for further proceedings. Further, **IT IS RECOMMENDED** that any Montmorency County Circuit Court decisions entered post-removal, but pre-remand be **VACATED.**

If adopted, Rosas' motion to compel proper notice of removal (ECF No. 30) would be **DENIED AS MOOT**. The remaining motions should be considered by the state court following remand.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 20, 2024                    s/PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge