UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSE ROSAS,

                Plaintiff,                          Case No. 1:24-cv-11400

v.                                              Honorable Thomas L. Ludington
                                                    United States District Judge
MICHIGAN DEPARTMENT OF HEALTH
& HUMAN SERVICES, et al.,                 Honorable Patricia T. Morris
                                                    United States Magistrate Judge

                Defendants.
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS; ADOPTING REPORT AND RECOMMENDATION; REMANDING CASE TO STATE COURT; AND VACATING STATE COURT DECISIONS AS *CORAM NON JUDICE***

        This case arises from the removal of a child from his purported father's custody. But this Opinion arises from the removal of a case from state court. In February 2024, Plaintiff Jose Rosas filed a *pro se* Complaint against nine Defendants in the 26th Circuit Court in Montmorency County, Michigan after that same court ordered his purported son to be removed from his care. On May 24, 2024, four Defendants—Michigan Department of Health and Human Services, Child Protective Services (CPS), CPS Social Worker Maelyn Morang, and CPS Supervisor Lori Budnik (collectively, the "Removing Defendants")—removed the case to federal court. Importantly, the Removing Defendants did not obtain their Codefendants' consent before removing. Although the Removing Defendants claim they could not have obtained consent because all other Codefendants had not been served with process or otherwise appeared at the time of removal, the current state court docket contradicts this claim.

        But the real problem arose post-removal. For reasons unknown, the 26th Circuit Court continued proceedings, which remain pending today. Indeed, the 26th Circuit Court entertained

oral arguments, granted motions for summary disposition, and dismissed four of the non-removing Codefendants from the case. This Court discovered the problem when Plaintiff filed a *pro se* motion to compel "proper notice" of removal in federal court. Indeed, upon reviewing Plaintiff's motion, the Removing Defendants' response, and the state court docket, Magistrate Judge Patricia T. Morris found that Defendants knew about these parallel proceedings for more than six months but, also for reasons unknown, did not notify this Court. So, on November 30, 2024, Judge Morris issued a report (R&R) concluding the Removing Defendants waived their right to federal removal through affirmative inaction, recommending this Court remand the above-captioned case to state court, and recommending that this Court vacate all post-removal state court decisions as *coram non judice*.

Both Plaintiff and the Removing Defendants objected to Judge Morris's R&R. But, as explained below, all objections are without merit. So, all objections will be overruled, and Judge Morris's R&R will be adopted in full.

I.

A.

Jena Miranda had a son, Maxwell, with purported father Plaintiff Jose Rosas, when the two lived in California. *See* ECF No. 5-5 at PageID.129. Plaintiff and Miranda were not married and did not reside together. *See id.* at PageID.128. In January 2018, the Superior Court of Los Angeles County granted Plaintiff and Miranda joint legal custody but granted Miranda sole physical custody of Maxwell because Plaintiff had a history of domestic violence. *Id.* at PageID.128, 134. Indeed, although Plaintiff preserved his visitation rights, the Los Angeles Superior Court ordered that all visits between Plaintiff and Maxwell must be supervised. *Id.* at PageID.132.

At some point in 2020, Miranda, Maxwell, and Plaintiff moved from California to Michigan. During the fall of 2022, Miranda, Maxwell, and Plaintiff lived with Alicia Guerrero and the three children she had with Plaintiff. *See* ECF No. 5-3 at PageID.114. On August 28, 2022, Miranda filed a report with the Montmorency County Sheriff's Department that Plaintiff physically assaulted her and Guerrero in front of the children. *Id.* at PageID.114. The report was referred to Michigan Child Protective Services (CPS), which conducted an investigation spearheaded by social worker Maelyn Morang. *See generally* ECF No. 5-3. Morang's investigation revealed the following:

1. Plaintiff had "long-term anger management" and violence issues;
2. Plaintiff possessed drug paraphernalia;
3. Plaintiff physically abused "Alicia and/or Jen[]a" in the past;
4. Plaintiff "repeatedly attempted to intimidate Alicia and Jena via texts" after the August 2022 domestic violence incident;
5. On October 7, 2022, Maxwell reported that Plaintiff "hit him with a belt" on multiple occasions;
6. Plaintiff "attempted to intimidate CPS with threats of supervisor reports, threats of court lawsuits, complaints that CPS is biased towards women, [and] complaints that CPS is negligent and involved in a conspiracy[;]"
7. Plaintiff's children were not "bathing regularly" in Plaintiff's care;
8. Plaintiff's children reported they had "water issues" at Plaintiff's home;
9. Plaintiff failed to schedule necessary medical exams for his children to resolve issues which were impacting their education;
10. Plaintiff's childrens' teachers reported that the children were not dressed appropriately for Michigan winters, had trouble staying awake in class, and were habitually tardy when Plaintiff was responsible for their care.

*See id.* at PageID.114–16.

On December 2, 2022, Morang filed a petition with the 26th Circuit Court in Montmorency County, Michigan, requesting that Maxwell be removed from Plaintiff's care. *Id.* at PageID.111–13. After a hearing, the 26th Circuit Court found that Maxwell's "welfare" was at risk in Plaintiff's care because:

> [Plaintiff] has engaged in domestic violence in front of the children and is unwilling to cooperate with CPS services. He failed to comply with services in 2018.

> Currently, [Plaintiff] presents with mental health issues, has a bad temper, and attempts to intimidate others. This all places his children at imminent risk of harm in his care. [Plaintiff] also seems unable to provide proper caregiving regarding his children's schooling (excessive tardies and absences, bad hygiene, excessively tired, etc.).

*Id.* at PageID.118; ECF No. 5-4 at PageID.122. That Court also emphasized that reasonable efforts to prevent or eliminate the need for Maxwell's removal had failed. ECF No. 5-3 at PageID.118 (noting Plaintiff refused domestic violence offender treatment services and refused to accept DHHS financial assistance). *Id.* So the 26th Circuit Court ordered Maxwell be removed from Plaintiff and placed in the protective custody of the Michigan Department of Health and Human Services (MDHHS), to be promptly released to his biological mother, Jena Miranda. *Id.* at PageID.119.; ECF No. 5-4 at PageID.124.

**B.**

Less than two months later, on February 14, 2024, Plaintiff Jose Rosas filed a *pro se* Complaint in the 26th Circuit Court against Defendants (1) Miranda, (2) MDHHS, (3) CPS, (4) CPS Social Worker Morang, (5) CPS Supervisor Lori Budnik, (6) Montmorency County, (7) Atlanta Public School, (8) Atlanta School Teacher Betty Krzystan," and (9) Atlanta School Principal Tawny Hissock."[1] *See generally* ECF No. 1-1; *Rosas v. Morang*, Case No. 24-NZ-5423 (26th Cir., Montmorency Cnty., Mich.).

Although difficult to discern, Plaintiff's Complaint raises four claims when liberally construed. First—like emphasized throughout the CPS investigation, *see* ECF No. 5-3 at PageID.115—Plaintiff alleges Defendant Morang and Defendant Miranda conspired "to commit parental kidnapping" throughout the CPS investigation and the resulting removal of Maxwell. ECF

---

[1] Despite identifying Defendants Budnik, Atlanta Public School, Krzystan, and Hissock in the *pro se* Complaint's caption, Plaintiff does not assert any specific factual or legal allegations against these four Defendants. *See generally* ECF No. 1-1.

No. 1-1 at PageID.12–14. Plaintiff purports this conspiracy deprived him of his "[First] [A]mendment right to familial association," his "[Fourth] Amendment right to due process," and his Fourth Amendment right to be free from unreasonable searches and seizures, in violation of 42 U.S.C. § 1983. *Id.* Second, Plaintiff alleges that Defendant Morang engaged in "professional negligence" by "ignoring" and not "investigati[ng]" his unsubstantiated claims that Defendant Miranda and Guerrero physically assaulted *him*. *Id.* at PageID.19–20. Third, Plaintiff alleges Defendant Morang breached an unidentified "duty" and engaged in "professional negligence" by misleading the 26th Circuit Court "into believing that . . . Maxwell . . . was in some imminent danger" throughout the custody proceedings. *Id.* at PageID.21. Lastly, Plaintiff alleges Defendant Morang engaged in "perjury [and] fraud" because her removal petition contained "knowingly false information."[2] *Id.* at PageID.22.

On May 24, 2024, Defendants MDHHS, CPS, Morang, and Budnik (collectively the "Removing Defendants") removed the above-captioned case from the 26th Circuit Court to this Court. ECF No. 1. Notably, the Removing Defendants did not obtain consent from Defendants Miranda, Montmorency County, Atlanta Public Schools, Krzystan, and Hissock (collectively the "Non-Removing Defendants"). In their notice of removal, the Removing Defendants noted that these Non-Removing Defendants had not yet appeared and had seemingly not yet been served. *See id.* at PageID.2, n. 1. And Defendants maintain this claim, ECF No. 33 at PageID.302, despite the current 26th Circuit Court docket reflecting that proof of service was filed for Defendants Atlanta

---

[2] Notably, if Plaintiff's *pro se* complaint was initially filed in federal—rather than state—court, it may have been subject to frivolity screening under the Prisoner Litigation Reform Act, which applies to prisoners and non-prisoners alike. *See* ECF No. 7 (Plaintiff's application to proceed *in forma pauperis*); 28 U.S.C. § 1915A(b)(1). And Plaintiffs' complaint may still subject him to sanctions under applicable state law. *See* MCR 1.109(E)(7) (authorizing sanctions against parties who plead frivolous claims and defenses).

Public Schools, Krzystan, Hissock, and Montmorency County at least two days *before* federal removal.[3]

On May 28, 2024, this Court referred the above-captioned case to Magistrate Judge Patricia T. Morris. ECF No. 3. On May 30, 2024, the Removing Defendants filed a joint motion to dismiss. ECF No. 5. Plaintiff did not respond, despite Judge Morris's direction, ECF No. 6, so Judge Morris issued an order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF No. 10. In response, Plaintiff filed a motion seeking a stay or, alternatively, leave to amend his complaint. ECF No. 12. Less than two weeks later, Plaintiff filed another motion to stay. ECF No. 14. On July 16, 2024, Judge Morris (1) denied Plaintiff's requests for a stay as unwarranted, (2) denied, without prejudice, Plaintiff's request for leave to amend because Plaintiff never attached a proposed amended complaint, and (3) adjourned Plaintiff's deadline to respond to the Removing Defendants' Motion to Dismiss until August 1, 2024, out of courtesy. ECF No. 16 at PageID.191 ("[T]he Court recognizes the difficulty inherent in litigating a case without representations, and it notes that the Defendants consent to extending [Plaintiff's response] deadline.").

## C.

On July 29, 2024, Plaintiff filed a second motion for leave to amend his complaint, ECF No. 19, and responded to the Removing Defendants' Motion to Dismiss, ECF No. 20. On September 30, 2024, Plaintiff filed a *pro se* motion to compel proper notice of removal, arguing that the Removing Defendants did not obtain consent from the Non-Removing Defendants before removal, contrary to 28 U.S.C. § 1446(b)(2)(A). ECF No. 30. In response, the Removing

---

[3] The publicly available 26th Circuit Court Docket can be found by using the "MiCourt" Case Search feature on the State of Michigan's website, https://micourt.courts.michigan.gov/case-search/, by selecting the 26th Circuit Court of Montmorency County and entering Plaintiff's first and last name. All references to the 26th Circuit Court docket cite this search.

Defendants repeated their claim that, although the *current* state court docket reflects some Non-Removing Defendants' appearances and proof of service before removal,[4] the state court docket *at the time of removal* did not, such that the Removing Defendants were "unaware" of any other Defendants service or appearance. ECF No. 33 at PageID.302, n. 1.

Judge Morris seems to have taken the Removing Defendants at their word, and on November 20, 2024, issued a report (R&R) concluding that "[b]y all appearances, [the Removing] Defendants abided by the removal procedures codified by 28 U.S.C. § 1446," which requires removing defendants to obtain consent of all other defendants "who have been properly joined and served." ECF No. 39 at PageID.365–66. But, upon reviewing Plaintiff's Motion, the Removing Defendants' response, and the state court docket, Judge Morris discovered another, more pressing problem: the 26th Circuit Court continued proceedings after removal. *Id.* at PageID.366. "This," Judge Morris concluded, "was improper" because, when a case is removed, "the *entire case* is transferred to federal court," and the "state court's jurisdiction immediately and totally ceases" until and unless the "federal court [remands and] restore[s] jurisdiction to the state court." *Id.* (emphasis added) (internal quotations omitted). Judge Morris's proposed resolution to this problem is twofold.

---

[4] The current state court docket reflects the following timeline:
- On February 14, 2024, Plaintiff filed his Complaint in state court.
- On May 20, 2024, Defendants Krzystan, Hissock, and Atlanta Public Schools appeared with proof of service in state court.
- On May 22, 2024, proof of service was filed for Defendants Morang, Budnik, CPS, Montmorency County, and Miranda.
- **On May 24, 2024, the Removing Defendants filed notice of removal in federal court, ECF No. 1**.
- On May 28, 2024, the Removing Defendants filed notice of their removal in state court.

First, Judge Morris identified federal precedent suggesting that removing defendants "effectively consent" to the state court's jurisdiction and waive their right to federal removal by "st[anding] silent" and failing to advise the federal court of ongoing, post-removal state court proceedings. *Id.* at PageID.367–70 (citing and discussing *Direct Mortgage Corporation v. Keirtec, Inc.*, 478 F. Supp. 2d 1339 (D. Utah 2007)). Applying this precedent, Judge Morris reasoned that, although the Removing Defendants "may have properly removed this matter, they did nothing to ensure that the removal was properly effected in the state court. Instead, they appear to have said nothing in either court as parallel proceedings continued." *Id.* at PageID.370 (noting that, had Plaintiff "not alerted the Court to something being amiss with the removal process, th[is] Court may never have known about the substantial . . . litigation that . . . occurred in Montmorency County Circuit Court" after removal). So Judge Morris concluded the Removing Defendants "waived their right to remove this case to federal court" which, in turn, "necessitates a remand of this case" back to the 26th Circuit Court. *Id.* at PageID.371.

But what comes next? What about the post-removal state proceedings? Relying on federal precedent and respected secondary sources, Judge Morris recommended this Court "vacate the state court's [post-removal] decisions as *coram non judice.*"[5] *Id.* at PageID.371–72; *see also id.* at PageID.366–67 (citing 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Jurisdiction* § 3736 (rev. 4th ed. 2024); and *Resolution Trust Corp. v. Bayside Devs.*, 817 F. Supp. 822, 825 (N.D. Cal. 1993), *aff'd* 43 F.3d 1230 (9th Cir. 1994)).

In sum, Judge Morris recommended this Court (1) remand the above-captioned case to the 26th Circuit Court for further proceedings, (2) vacate all 26th Circuit Court decisions entered post-

---

[5] *Coram non judice* is Latin for "not before a judge" and describes proceedings which have taken place in a court that lacks the authority or jurisdiction to proceed. *See Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 64 (2020)

removal, (3) deny Plaintiff's Motion to Compel Proper Notice of Removal as moot, and (4) transfer all motions pending in the above-captioned case to the 26th Circuit Court for its consideration on remand. *Id.* at PageID.361–62.

Plaintiff objected to the R&R on November 30, 2024, ECF No. 41, and simultaneously filed a motion to stay all state court proceedings, ECF No. 42. The Removing Defendants filed a joint Objection to the R&R on December 4, 2024. ECF No. 43.

**II.**

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). And parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215

(6th Cir. 1981). After reviewing the evidence, this Court can accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

### III.

Plaintiff seemingly raises four objections to the R&R, *see* ECF No. 41, and the Removing Defendants raise one more, ECF No. 43. Each objection will be addressed in turn.

### A. Plaintiff's Objections

Curiously, *pro se* Plaintiff, who initially chose to file this case in state court, objects to it returning there. See ECF No. 41 at PageID.376 ("Plaintiff respectfully requests the Court reject the recommendation to remand and retain jurisdiction.")

First, Plaintiff argues that "federal question jurisdiction exists and was properly invoked" and "removal to federal court was proper" such that any "procedural defects in the removal process do not deprive" this court of jurisdiction. *Id.* at PageID.376–77. But the R&R did not hold otherwise. Despite this Court's federal question jurisdiction over Plaintiff's § 1983 claims, Judge Morris concluded this case must be remanded to state court because the Removing Defendants waived their right to federal removal through their inaction and implicit consent to state court adjudication. *See* ECF No. 39 at PageID.366–70. Plaintiff's first objection will accordingly be overruled.

Plaintiff next argues that the 26th Circuit proceedings are void and should be vacated as *coram non judice*. ECF No. 41 at PageID.377. Far from an objection, this is precisely what Judge Morris recommended. ECF No. 39 at PageID.371–72. So, to the extent this agreement can be classified as an "objection," it will be overruled.

- 10 -

Third, Plaintiff argues that the Removing Defendants' failure to notify and obtain consent from the Non-Removing Defendants before removal "is not grounds for remand" if the court's jurisdiction is otherwise proper. ECF No. 41 at PageID.377. But Judge Morris did not recommend remand because of the Removing Defendants' alleged notice-and-consent failure. To the contrary, Judge Morris expressly concluded the Removing Defendants seemingly complied with federal removal procedure because, at the time they filed their notice of renewal in federal court, the state court docket did not reflect that any other Defendant had been served. *See* ECF No. 39 at PageID.365. Instead, Judge Morris recommended remand because the Removing Defendants waived their right to federal removal by not notifying this Court that state proceedings continued post-removal, contrary to federal law. *See id.* (noting Plaintiff "misplaces the blame for the continuation of state court proceedings on [the Removing] Defendants' failure to notify the state court and co-defendants of removal."). Because Plaintiff's third objection mischaracterizes the R&R, it will be overruled.

Lastly, Plaintiff objects to the R&R because, in his view, "judicial economy and fairness require federal retention" of this case. ECF No. 41 at PageID.378. But this objection is improper. Plaintiff never raised this issue before Judge Morris issued her R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And, even if this objection were proper, it would still be overruled as without merit. True, if adopted, the R&R would remand the above-captioned case to state court and vacate the state court's post-removal proceedings as *coram non judice*, including the state court's dismissal of some Non-Removing Defendants. *See* ECF No. 39. This may cause delay and duplication if these Defendants choose to file renewed motions for summary disposition in state court. But delay and duplication would result if this Court *retained* the above-captioned case, too. Indeed, the Non-Removing Defendants—who have already been dismissed from the

state court case—would be forced to file duplicative dispositive motions in federal court. And, more importantly, contrary to Plaintiff's fairness argument, retaining the above-captioned case would (1) unfairly "allow [the Removing Defendants] to potentially reap simultaneous benefits from both state and federal court," (2) "undermine" the underlying principles of the removal doctrine, which "are designed to ensure [that] only one court exercises jurisdiction over a case at any given time," (3) risk inconsistent rulings, and (4) undermine the finality of substantive post-removal state court actions, including the state court's dismissal of some Non-Removing Defendants. *See Direct Mortgage Corporation v. Keirtec, Inc.*, 478 F. Supp. 2d 1339, 1340–42 (D. Utah 2007). Plaintiff's fourth and final objection will accordingly be overruled.

### B. Removing Defendants' Objection

The Removing Defendants—MDHHS, CPS, Budnik, and Morang—object that Judge Morris erred when concluding that they waived their right to remove this case to federal court by failing to notify this Court of the ongoing, post-removal state proceedings. ECF No. 43. The Removing Defendants argue that their inaction—or failure to—cannot constitute a waiver of their federal removal rights because these rights, in the Removing Defendants' view, must be waived "clear[ly] and unequivocal[ly]." *Id.* at PageID.384–88. As explained below, this objection will be overruled.

Generally, defendants may remove cases from state to federal court, so long as the federal court has original jurisdiction, 28 U.S.C. § 1441(a), and all other "properly joined and served" codefendants consent, 28 U.S.C. § 1446(b)(2)(A). After a defendant files notice of removal in federal court, they must notify "all adverse parties" and the state court itself. 28 U.S.C. § 1446(d). Critically, after the state court receives notice of removal, "*the State court shall proceed no further unless and until the case is remanded.*" *Id.*; *see also Roman Cath. Archdiocese of San Juan, Puerto*

*Rico v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (noting, state court instantly "loses all jurisdiction over the case" the moment federal removal is filed and, "without jurisdiction," any "subsequent proceedings" are "not simply erroneous, but absolutely void" (internal quotations omitted)).

All Parties agree the 26th Circuit Court should not have proceeded post-removal, should not have granted multiple motions for summary disposition, and should not have dismissed Defendants (1) Montmorency County, (2) Atlanta Public Schools, (3) Hissock, and (4) Krzystan.[6] *See* ECF No. 39 at PageID.363; *see also Lawrence v. Chancery Ct. of Tennessee*, 188 F.3d 687, 693 (6th Cir. 1999) (finding removal "paralyze[s]" state court from performing more-than-ministerial functions); *Carter v. Ledraplastic SPA*, 313 F. Supp. 2d 736, 738 (M.D. Tenn. 2004). But the Removing Defendants only compounded this impropriety by failing to notify this court of the improper post-removal state court proceedings.

Judge Morris was persuaded by *Direct Mortgage Corporation v. Keirtec, Inc*, 478 F. Supp. 2d 1339 (D. Utah 2007). *Id.* at PageID.370. On this Court's *de novo* review, Judge Morris aptly characterized this case as the "most analogous" to the facts at hand. *See* ECF No. 39 at 367. In *Direct Mortgage*, the corporate defendant removed a case from Utah state court to the United States District Court for the District of Utah. *Direct Mortgage*, 478 F. Supp. 1340. But, after removal, "the other parties continued to take action in state court" and filed answers and motions to dismiss. *Id.* And there, like here, the state court granted post-removal dispositive motions. *Id.* But, the federal court "had no awareness" of these ongoing, post-removal state court proceedings because "the removing [defendant] neglected to inform" it. *Id.* The District of Utah held that "it

---

[6] Indeed, the state proceedings are still pending, the case is listed as "open" and "active," and a status conference between the remaining parties—including the Removing Defendants—is currently scheduled for December 18, 2024.

must remand th[e] case because, by failing to advise the court that action was still being taken in the state court, [the removing defendant] impliedly consented to the state court's jurisdiction." *Id.* Analogizing to the Tenth Circuit case, *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998), the District of Utah held the removing defendant unfairly "continued to take advantage of the actions in state court" post-removal. *Id.* at 1341. Unlike the federal court, the removing defendant "received notice when" its non-removing codefendants improperly filed post-removal motions in state court, and when the state court improperly ruled on those motions. *Id.* "But rather than questioning the state court's continuing jurisdiction or notifying this court that the state court action continued to proceed as if the case had never been removed," the District of Utah concluded that the removing defendant "stood silent" and "[b]y doing so, . . . effectively consented to the state court's jurisdiction." *Id.*

The same result here. The Removing Defendants should have known, as early as May 28, 2024—four days after they filed their notice of removal in federal court—that the 26th Circuit Court improperly continued proceedings. But the Removing Defendants "stood silently by" for the next *six months*, all the while "reap[ing] simultaneous benefits from both state and federal court" by "observ[ing] the state court proceedings, gain[ing] insight into [P]laintiff's and [the Non-Removing D]efendants' claims, and watch[ing] the other parties utilize their resources." *Id.* at 1340–41. As the District of Utah found in *Direct Mortgage*, to allow this case to continue in federal court would "waste . . . judicial resources, undermine [the underlying principles of removal] and the finality of state court rulings, and possibly lead to inconsistent decisions." *Id.* at 1341.

The Removing Defendants argue, in their objection, that *Direct Mortgage* is distinguishable, first because removal in that case was initially improper. ECF No. 43 at PageID.386. But the discussion of removal propriety in *Direct Mortgage* was nothing more than

dicta, and was irrelevant to that Court's conclusion that the removing defendant waived its right to federal removal by not informing the federal court of the post-removal proceedings in state court. *Direct Mortgage*, 478 F. Supp. 2d at 1342. Moreover, removal may have been improper here, too. Although Judge Morris concluded the Removing Defendants removal was proper "[b]y all appearances," ECF No. 39 at PageID.365, appearances can be deceiving. As discussed, the state court docket currently reflects that at least four of the five Non-Removing Defendants were served and appeared at least two days before removal. The Removing Defendants did not seek these Codefendants' consent, seemingly in violation of 28 U.S.C. § 1446(b)(2)(A). The Removing Defendants echo that the state court docket did not reflect such service when they removed the case to federal court, ECF No. 33 at PageID.302, n.1. but this Court cannot go back in time to corroborate this claim. Second, the Removing Defendants argue *Direct Mortgage* is distinguishable because it did not involve "any of the unique issues present in this case," namely the lack of clarity concerning when some Non-Removing Defendants appeared or were served. ECF No. 43 at PageID.386. But this is a distinction without a difference and does not undermine Judge Morris's reliance on *Direct Mortgage*, which is analogous, persuasive, and sound.

The Removing Defendants then argue that *Direct Mortgage* is inconsistent with Sixth Circuit precedent that a defendant can only waive their right to federal removal if such waiver is "clear and unequivocal." ECF No. 43 at PageID.384 (citing *Regis Assoc. v. Rank Hotels (Management) Ltd.*, 894 F.2d 193 (6th Cir. 1990); *McKinnon v. Doctor's Assocs., Inc.*, 769 F. Supp. 216 (E.D. Mich. 1991); *Queen v. Dobson Power Line Const. Co.*, 414 F.Supp.2d 676, 678-79 (E.D. Ky. 2006)). This Court sees no inconsistency. Although the cases Removing Defendants cite concern forum selection clauses and affirmative post-removal state court filings, *see McKinnon*, 769 F. Supp. at 218–20; *Queen*, 414 F. Supp. 2d at 678, no precedent precludes this

Court from finding that a defendant may clearly and unequivocally waive their right to federal removal through affirmative *inaction*. In other words, *Direct Mortgage* can be harmonized with Sixth Circuit precedent through a finding that a pattern of problematic *inaction* can clearly and equivocally waive a defendant's right to remove a case to federal court. And if there were ever a case where a removing defendant's post-removal inactions posed problems, this is such a case. Defendants observed the state court proceed for over six months after removing the proceedings to federal court. They watched their Non-Removing Codefendants file dispositive motions, learned Plaintiff's arguments in response, and learned the arguments the 26th Circuit Court considered persuasive as it granted summary disposition and dismissed four Non-Removing Codefendants from the case. Although this inaction may not be *as* "clear and unequivocal" as filing post-removal pleadings in state court, this inaction still manifests the Removing Defendants' intent to "have the case adjudicated in state court" and allowed all Defendants to improperly "experiment" with their cases in state court after the case was removed. *Queen*, 414 F. Supp. at 678–79 (citing *Meyer v. Delaware R Const Co (Removal Cases)*), 100 U.S. 457, 47 (1879). In short, this Court concludes that the Removing Defendants' *inaction* clearly and unequivocally waived their right to litigate the above-captioned case in federal court.

So, the Removing Defendants' joint objection to Judge Morris's R&R will be overruled, and the R&R will be adopted in full.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections to the R&R, ECF No. 41, are **OVERRULED**.

Further, it is **ORDERED** that the Removing Defendants' joint Objection to the R&R, ECF No. 43, is **OVERRULED**.

Further, it is **ORDERED** that Judge Morris's R&R, ECF No. 39, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Motion to Compel Proper Notice of Removal, ECF No. 30, is **DENIED AS MOOT.**

Further, it is **ORDERED** that the above-captioned case is **REMANDED** to the 26th Circuit Court of Montmorency County, Michigan, Case No. 24-NZ-5423. All pending motions, ECF Nos. 5; 19; 42, are transferred for proper post-remand resolution by the 26th Circuit Court.

Further, to avoid prejudice to Plaintiff, consistent with Supreme Court precedent, it is **ORDERED** that all decisions of the 26th Circuit Court since May 28, 2024—the day the Removing Defendants filed notice of removal in state court and the day the state court should have ceased all proceedings—are **VACATED** as *coram non judice. See Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 122 (1882).

**This is a final order and closes the above-captioned case.**

Dated: December 17, 2024                           s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge